# Phillips *v.* Benson.

*Bill in Equity to set aside Sale of Lands by Register.*

1. *Sale of lands by register; when set aside, on subsequent reversal of decree.*—On a sale of lands by the register pending an appeal from the decree, which was not superseded, if the plaintiff himself, or his attorney of record, becomes the purchaser, either directly or indirectly, the sale will be set aside on the subsequent reversal of the decree; but, when a stranger is reported as the purchaser, receives a conveyance, and the sale is confirmed, these facts make out a strong *prima facie* case that he is the real purchaser; and his title will not be disturbed, unless it is affirmatively shown that he in fact bought for the benefit of the plaintiff, or his attorney of record.

APPEAL from the Chancery Court of Elmore.
Heard before the Hon. S. K. McSPADDEN.

JOHN A. TERRELL, for appellant.

WATTS & SON, *contra.*

CLOPTON, J.—Appellant seeks by the bill to vacate and set aside a sale of land made by the register, August 4th, 1884, under a decree of sale rendered April 10th, 1884, on a bill brought by Samuel G. Adams against appellant, to enforce a vendor's lien. Before the sale appellant took an appeal from the decree, but did not give bond to supersede it. The decree was reversed in July, 1885. The decree not having been superseded, as provided by the statute, its execution, notwithstanding the appeal, was the legal right of the complainant therein. When a party becomes a purchaser of land sold under a decree rendered in his favor, he acquires a defeasible title, which will be defeated by a subsequent reversal for errors or irregularities in its rendition. A solicitor of record stands in the same position as the party. But, if a stranger to the decree purchases, whether prior to, or pending an appeal, his title will not be affected or impaired by a subsequent reversal, the court having jurisdiction to

render the decree.—*Marks v. Cowles*, 61 Ala. 299; *Phillips v. Benson*, 82 Ala. 500. The equity of complainant's bill, therefore, rests upon the allegation, that Lewis E. Parsons, junior, who was the solicitor of record of the party in whose favor the decree of sale was rendered, was really the purchaser of the land at the register's sale, and her title to relief depends on proof of the allegation.

The record shows that the register made a conveyance to Benson, who claims to have been the purchaser, bearing date of the day of sale, and acknowledged its execution before the judge of probate, August 12, 1884. On the day of sale, the register filed in office a report, in which he reported that Benson was the purchaser, and that he made and executed to him a deed of conveyance; and the sale was confirmed to Benson, at the succeeding term of the court. These facts and proceedings make a strong *prima facie* case in favor of the defendant as the purchaser, which it is incumbent on complainant to overcome. The only disproving evidence which she introduces is that of the register, who testifies that Thomas, who bid off the land, said to him, "Make the deed to Lewis E. Parsons, Jr., leave it at the bank, and the money will be paid." This is denied by Thomas, who says, that he made this remark to the register at a previous sale in July, which failed because not legally made. Thomas and the defendant both testify, that the land was bid off by Thomas for defendant, who paid the register his costs, and arranged the balance of the purchase-money with Parsons, by giving him a negotiable note for the amount. And defendant further testifies, that he had no conversation, and made no arrangement with Parsons, in reference to purchasing the land prior to the sale. The evidence fails to establish the claim of complainant to relief.

Affirmed.