# Shook *v.* Southern Building & Loan Association.

## *Bill in Equity to establish Resulting Trust.*

1. *Alienation of homestead; void when certificate of separate ac-
   knowledgment of wife false.*—A conveyance of a homestead,
   whether by a mortgage or deed of trust- is void though signed
   by the wife, if the certificate of the separate and apart ac-
   knowledgment by the wife is false in that she never appeared
   before the officer making the certificate.

2. *Void conveyance; when doctrine of a bona fide purchaser can
   not be invoked.*—In order to invoke the protection of a *bona
   fide* purchaser for value without notice, it is essential that the
   purchaser should acquire some interest in the property; and,
   therefore, one who purchases at a foreclosure sale under a
   deed of trust or mortgage, which deed of trust or mortgage
   is a nullity, acquires no interest or title, and cannot be a *bona
   fide* purchaser for value without notice.

3. *Conveyance of wife's property; to pay husband's debt; estoppel.*
   Where property which constitutes a part of the separate es-
   tate of a wife is, by deed of trust or mortgage, conveyed to
   secure the indebtedness of her husband, the fact that the wife
   signed said conveyance, knowing that her husband would ob-
   tain money on the faith of it, does not estop her from repudi-
   ating the transaction.

4. *Same; same.*—In such a case, the fact that the deed of trust or
   mortgage has been foreclosed, and the husband was in pos-
   session of the property as the tenant of the purchaser at the
   foreclosure sale, does not estop the wife from asserting her
   claim to the property by reason of the invalidity of said deed
   of trust or mortgage; and in a bill by the wife seeking to have
   said conveyance set aside and annulled, it is not necessary for
   the complainant to offer to do equity by reimbursing the pur-
   chaser at the foreclosure sale.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, Mrs.
M. V. Shook, against her husband, B. F. Shook, and the

Southern Building & Loan Association. The purpose of the bill is sufficiently stated in the opinion.

It was averred in the bill that the property involved in the controversy was the homestead of complainant and her husband, and was so occupied by them on March 31, 1892, at which time said B. F. Shook executed to one Joseph Martin, as trustee, a deed of trust, conveying said homestead to secure a loan of money made by said Southern Building & Loan Association to said B. F. Shook for his sole use and benefit; that the title to said property had been through mistake conveyed to the complainant's husband instead of being conveyed to her. It was also averred and shown by the evidence that upon default being made in the payment of the debt from B. F. Shook to the Building & Loan Association, said deed of trust was foreclosed, and at the foreclosure sale, the Southern Building & Loan Association became the purchaser of said property, and the trustee made a deed of conveyance thereof to the said Building & Loan Association.

The other averments of the bill and the f acts as shown by the evidence in behalf of the plaintiff are sufficiently stated in the opinion. The respondent, the Southern Building & Loan Association, demurred to the bill upon the grounds that it did not appear that there was any fraud in procuring the complainant's acknowledgment to the execution of the deed of trust; and that the complainant was estopped from asserting claim as set up in said bill.

Said respondent also moved to dismiss the bill for the want of equity. Said respondents also filed their answers, setting up the validity of the transaction, and that the Southern Building & Loan Association was a *bona fide* purchaser for value without notice.

On the submission of the cause upon the pleadings and the proof, and upon the demurrers and motion to dismiss the bill for want of equity, the chancellor rendered a decree sustaining the demurrer, and the motion to dismiss the bill for the want of equity, and ordered the bill dismissed. From this decree the complainant appeals and assigns the rendition thereof as error.

W. H. NORWOOD, R. W. CLOPTON, and MILO MOODY, for appellant.—Under the uncontradicted testimony, there can hardly be any doubt but what the deed of trust was a nullity and that the sale and conveyance of the homestead made by the trustee depending for their validity on the deed of trust, were likewise null and void; and, consequently, the Building & Loan Association acquired no right, or standing either under the deed of trust, or under their purchase from the trustee, nor can the plea of *bona fide* purchase without notice, avail anything in a case like this where the sale, or mortgage was void at its inception. Fraud is not imputed to complainant in procuring the loan of the money to her husband by respondent.—*Grider v. Mortgage Co.*, 99 Ala. 281; *Giddens v. Bolling*, 99 Ala. 319; *Thompson v. Mortgage Co.*, 110 Ala. 404; *Mortgage Co. v. James*, 105 Ala. 347; 1 Am. & Eng. Ency. Law, (Acknowledgment), p. 160; *Shorter v. Frazier*, 64 Ala. 74; *Hayes v. Southern Home B. & L. Asso.*, 124 Ala. 663; *Henderson v. Kirkland*, 127 Ala. 185.

Under the authority of *Beddow v. Shepard, Adm'r.*, 118 Ala. 476, and authorities hereinabove cited, we submit that the complainant is entitled to maintain her bill for all the purposes for which the same has been filed.

There is no merit in respondent's plea of estoppel set up in amended answer, because under the facts of the case, no estoppel could arise against either of the complainant or her husband; besides no fraud of any kind is charged and proven against complainant.—*Vincent v. Walker*, 93 Ala. 165; *Wilder v. Wilder*, 89 Ala. 414; *Crim v. Nelms*, 78 Ala. 604.

Neither is there merit in the insistence that complainant should offer to refund or repay to respondent the sum of money loaned to her husband, for which the deed of trust was executed.—*Richardson v. Stephens*, 122 Ala. 301.

LAWRENCE COOPER, *contra.*—The appellant's evidence utterly fails to charge the appellee with notice of her alleged latent equity. The evidence is conclusive in be-

half of the appellee, that it had no notice whatever of the claim of the appellant. She executed the deed of trust, with full knowledge, that B. F. Shook, her husband, was pledging the property, as security for the loan. It requires a wild stretch of conscience, to assert a demand, the effect of which is so manifestly fraudulent as against the right of another. The doctrine of estoppel is of more equitable application.—*Osborne v. Cooper,* 113 Ala. 405.

The second contention is equally without merit. The effort to avoid the conveyance is based upon the idea that the real estate is the homestead—the property of . the husband—and that the conveyance is void, inasmuch as she did not acknowledge its execution, in the statutory method. Whether valid, or invalid, is a question, in which she is not presently concerned.—*Seaman v. Nolen,* 68 Ala. 463; *Vancleave v. Wilson,* 73 Ala. 387.

Claimant cannot maintain the bill as in the present case, for she does not offer to do equity.—*Giddens v. Bolling,* 99 Ala. 319; *Grider's Case,* 99 Ala. 281.

TYSON, J.—The bill in this cause is exhibited by the complainant against her husband and the Southern Building & Loan Association, and seeks to have a resulting trust decreed in her favor in the lot described in it, to have the legal title residing in her husband invested in her and to cancel the conveyances under which the Association claims title.

It is shown undisputedly by the testimony that the consideration paid for the lot was with property belonging to complainant and that by mistake of the scrivener the deed was made to her husband instead of to her. So then as between her and her husband her equity is fully established, and unless the deed of trust which he executed to the Association was effectual to pass to it the title, which he held in trust for her, she is entitled to the relief sought.

The lot attempted to be conveyed by the trust deed was occupied by complainant and her husband as a homestead, and if it be here conceded that it was his homestead by reason of his having the legal title to it,

the rights of the Association are not helped. While it is true that complainant signed the deed of trust, and a certificate, by an authorized officer, of a separate and apart acknowledgment by her appeared upon it, yet the testimony established, by that measure of proof required, that this certificate is false, in that she never appeared before the officer at all. The deed of trust was, therefore, a nullity.—§ 2034 of the Code, and authorities cited under it.

Of course, if the trustee in the deed acquired no title, the purchaser at the foreclosure sale under it acquired none. But the Association invokes the protection of a *bona fide* purchaser for value without notice of complainant's equity. This it cannot do, for the obvious reason that it acquired no title to the lot in controversy. It was not a purchaser at all. It got nothing by the deed of trust and, therefore, acquired no interest whatever, either legal or equitable, in the lot. The first requisite upon which the doctrine of *bona fide* purchase is made to rest is wanting. As said by Chief Justice MARSHALL, in *Vatteer v. Hinde,* 7 Pet. 274, quoted approvingly by this court in *Shorter v. Frazer,* 64 Ala. 81, and again in *Overall v. Taylor,* 99 Ala. 18: "The rules respecting a purchaser without notice are framed for the protection of him who purchases merely without knowledge of an outstanding equity. They do not protect a person who acquires no semblance of title. They apply fully only to the purchaser of the legal estate. Even the purchaser of an equity is bound to take notice of any prior equity." See, also, *Craft v. Russell,* 67 Ala. 9; 23 Am. & Eng. Ency. Law, (2d ed.), p. 479, *et seq.*

The next contention of the Association is that complainant is estopped to assert her equity because she signed the deed of trust, knowing that her husband would obtain money on the faith of it from the Association. Equity regarding that as done which ought to have been done, the complainant is, in equity, the owner of the lot. It was and is her statutory separate estate, and to allow it, by way of estoppel, to be taken from her and subjected to the payment of her husband's debt, would be to accomplish that which the law and public

policy have forbidden. The Association certainly occupies no stronger position than had she executed the deed of trust, as the owner of the lot, to secure the debt 'of her husband. Had this been the transaction, she would not be estopped to repudiate it.—*Richardson v. Stephens,* 122 Ala. 307; *Vincent v. Walker,* 93 Ala. 165; *Harden v. Darwin,* 77 Ala. 481.

The case of *Osborne v. Cooper,* 113 Ala. 405, cited by respondent as supporting its contention on this point clearly has no application. The chancellor seemed to have entertained the opinion that complainant was estopped because her husband was in possession of the lot when the bill was filed as the tenant of the Association. The deed of trust being a nullity, he would not have been estopped to attack it, much less she, because of the falsity of the certificate under the facts shown in this record.—*Crim v. Nelms,* 79 Ala. 604; *Smith v. Pearce,* 85 Ala. 264; *Strauss v. Harrison,* 79 Ala. 324.

The debt attempted to be secured by the void deed of trust was not complainant's. She was neither morally nor legally bound for it. Just why she should be required to offer in her bill to pay it in order to have her equity enforced against her husband, and to have the void conveyances held by the respondent Association cancelled as a cloud upon her title, we confess our inability to see.

Clearly the cases relied upon by appellee, where the bill was filed by the husband, to cancel a mortgage executed by him on his homestead because void, have no application.

As said above, complainant is, in equity, the owner of the lot. She, therefore, has the right to maintain this bill. Her right to the lot is not, as contended, based upon her marital relation, nor is her right to maintain this suit predicated upon that relation, but upon her ownership of the property.

In conclusion it may be well to say that complainant was not bound to prove that the Association had notice of her equity, although alleged in the amendment to her bill, since the respondent has utterly failed to sustain

the averment in its answer that it was a purchaser for value.—*Bynum v. Gold*, 106 Ala. 427.

The decree appealed from will be reversed and one will be here rendered granting to complainant the relief she seeks.

Reversed and rendered.