# Carroll *v.* Draughon.

### *Bill to Set Aside Sale of Lands Made Under a Reversed Decree.*

(Decided July 2, 1907.—44 South. 553.)

*Judicial Sale; Purchaser; Next Friend; Title Acquired.*—The chancellor decreed a sale of certain lands, in a suit in which certain infants were complainants by next friend. An appeal was taken from said decree but without the filing of a supersedeas bond. The decree was carried into execution pending the appeal by a sale of the land, and at said sale the next friend of the infant complainants became the purchaser. The decree was reversed on the appeal. Held, that the

[Carroll v. Draughon.]

next friend stood in the attitude of a party to the suit and was, therefore, not a stranger purchaser, nor such a bona fide purchaser as to render his title good as against the owners of the land upon the reversal of the decree ordering the sale.

APPEAL from Geneva Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by Dr. S. Carroll against J. W. Draughon and others. From an order dismissing the bill, complainant appeals. Reversed and remanded.

The case made by the bill is that one Faircloth and Fulton filed a bill against Ophelia Carroll and her minor child, Chaldee Peacock, praying for a receiver to be appointed to take charge of certain land alleged to be the homestead of said Ophelia Carroll and said minor child, by virtue of the same having been set apart for them by an order of the probate court after the estate of Ophelia Carroll's first husband had been declared insolvent; that pending said litigation said Fulton died, and J. W. Draughon, as next friend to the children of said Fulton, revived the suit against said Carroll; that upon a hearing of the cause the chancellor decreed against the said Ophelia Carroll, and she, being a married woman and unable to make a supersedeas bond, appealed from the decree of the chancellor to the supreme court, but without superseding said decree; that, pending said appeal, the defendants procured a sale of said lands and Draughon became the purchaser at said sale; that the supreme court afterwards reversed the decree of the chancellor and dismissed the bill; that immediately after this judgment Ophelia Carroll demanded of Fulton and Roney possession of the homestead, and they refused; that she filed her petition and bill in the chancery court of Geneva county to set aside said sale, and for an accounting for the timber removed by them from the land, and for the use of the land during the occupancy thereof; that pending said cause Ophelia Carroll, who is

the wife of the present complainant, died, leaving complainant a life estate in said land by virtue of the statute, and who before her death executed and delivered to the present complainant the deed to all her right, title, and interest in and to said lands. Demurrers were interposed to the bill, and motion made to dismiss the same for want of equity. The chancellor decreed that the bill was wanting in equity, and dismissed the same, and from this order this appeal is prosecuted.

R. H. WALKER, for appellant.—Counsel discusses the case as made by the bill but cites no authority in support thereof.

W. O. MULKEY, for appellee.—The decree was reversed for failure of the evidence to support it, and hence it was not a void decree. Draughon, although next friend to the minor complainant, was a stranger to the suit and hence his title is governed by the rule applicable to purchase by strangers.—*Marks v. Cowles,* 61 Ala. 299; *Lester v. Richardson,* 60 Ala. 563; *Ivie v. Stringfellow,* 82 Ala. 544. That Draughon was a stranger to the suit, see the following authorities: *Isaacs v. Boyd,* 5 Port. 388; 14 Ency. P. & P. 998.

ANDERSON, J.—"When property is sold under execution, or chancery decree, and the plaintiff becomes the purchaser, receiving title, if the judgment or decree be afterwards reversed, his title is left without ground or consideration to rest on, and it will be set aside and vacated. If, however, a stranger purchases and receives title, a subsequent reversal will not furnish ground for setting the sale aside, unless the judgment or decree under which the sale was made is void on its face, in contradiction to being merely erroneous and reversible. In

the first case, setting the sale aside simply restores the parties to their relative rights, held by them before the sale. In the latter case, to set aside the sale would leave the purchaser with his money expended, and nothing realized in its stead."—*Ive v. Stringfellow,* 82 Ala. 547, 2 South. 22; Freeman on Judgments, §§ 482, 484; *Marks v. Cowles,* 61 Ala. 299; Freeman on Execution, § 345.

The bill avers that the respondent Draughon was the next friend to the infant complainants in the proceeding, which resulted in the decree under which the sale was made, and at which he purchased. While the infants may have been the real parties to the decree, Draughon was not a stranger to the suit, but was the real actor, and in effect stood in the shoes of the complainants, so far as purchasing at the sale, and cannot be such a bona fide purchaser as to render his title good, as against the owner, upon a reversal of the decree. This court has decided in the case of *Phillips v. Benson,* 85 Ala. 416, 5 South. 78, that an attorney of record of the plaintiff occupies no better position in purchasing, under a decree which was subsequently reversed, than his principal; and we see no reason why the same rule should not apply to the next friend. It may be true that the authority of a next friend is not the same as that of an attorney.—*Isaacs v. Boyd,* 5 Port. 388; 14 Am. & Eng. Ency. Pl. & Pr. 998. But the next friend really directs and controls the attorney, and occupies a position that should render him familiar with every step in the litigation; and we see no good reason why he should be accorded greater protection, when purchasing at a sale under a decree rendered at his instance, than the infant complainants, or the attorney who conducted the litigation subject to his orders.

The chancellor erred in sustaining the motion to dismiss the bill for want of equity, and the decree is reversed, and one is here rendered overruling said motion.

Reversed and rendered.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.