# Bank of Wetumpka *v.* Walkley.

*Bill to Set Aside Deed.*

(Decided Nov. 24, 1910. 53 South. 830.)

1. *Trusts; Sales; Purchase by Trustee; Validity.*—Irrespective of the fairness of the purchase the general rule is that a sale of trust property to a trustee, purchasing either directly or through an intermediary, is voidable at the beneficiary's option, and will be set aside on timely application.

2. *Same; Bona Fide Purchasers.*—While a bona fide purchaser for value at a voidable sale of trust property is protected, yet if the

purchase is not in good faith without notice, it becomes immaterial whether the sale is void or voidable since the purchaser takes no title.

3. *Executors and Administrators; Sales; Purchase By; Validity.* —Executors and administrators who have an interest in the property of an estate may purchase it if the sale is fair, and the property is offered for sale in the ordinary way, and under such circumstances as will obtain the best price.

4. *Guardian and Ward; Sales; Vacating; Notice.*—A bank who purchases land with notice that its vendor, while acting as guardian of certain minors, purchased the property at his own sale, is not a bona fide purchaser for value and the ward becomes entitled to have the sale set aside.

5. *Same; Rescission; Returning Benefit.*—A ward suing to set aside a voidable sale of his land purchased by his guardian must offer to restore whatever benefit he has received under the sale.

6. *Same; Avoidance; Pleading.*—A ward seeking to set aside a sale of his land by his guardian on the ground that the guardian became purchaser at his own sale need not allege an offer to restore benefits received unless the bill shows on its face that benefits were in fact received.

APPEAL from Elmore Chancery Court.

Heard before Hon. W. W. PEARSON.

Bill by Earle V. Walkley against D. W. Walkley and another. From a decree overruling a demurrer to the bill, defendants appeal. Affirmed.

The bill, which was to set aside a sale of land made to complainant's guardian, alleges that H. H. Walkley died in 1892, leaving a last will and testament, by which he devised to the complainant certain lands, or an interest therein; that the will was duly probated, a copy of which is exhibited with the bill; that D. W. Walkley was the father of the complainant, and on the 14th day of December, 1892, on proper petition filed, was appointed guardian as to such land; that said D. W. Walkley in 1893 filed a petition as guardian to have the land sold for division between complainant, his ward, and another, who owned a one-seventh interest in the land; that an order of sale was granted, B. S. Walkley appointed commissioner to make the sale, the sale was had, and the commissioner reported a sale of the land as per

the decree, and that D. W. Walkley had become the purchaser thereof, at and for the sum of $750; that in April, 1893, there was decree confirming said sale and ordering a deed made to the purchaser. The probate proceedings are made a part of the record by exhibit, as is a copy of the deed made under the probate proceedings. It is then averred that D. W. Walkley went into possession of the land, and so remained until a time hereafter stated. It is then alleged, after stating the facts, that the purchase of said lands at the sale by D. W. Walkley was unauthorized, illegal, and subject to disaffirmance. It is then alleged that some time in 1905, and while in possession of the lands, Walkley and wife executed a mortgage to the Bank of Wetumpka in a sum certain, by which they conveyed the lands herein described. This mortgage is made an exhibit. It is then alleged that the mortgage was renewed in 1906, on January 4th, but that this mortgage was withheld from record until the 22d day of March, 1907; that, having failed to pay the mortgage, the Bank of Wetumpka foreclosed it by sale at public outcry, and that the Bank of Wetumpka became the purchaser. It is further alleged that the mortgage executed in 1905 was never filed for record, and that orator knew nothing of the mortgage until about six or eight months before the filing of this bill. It is then alleged that not until after orator was 21 years old, and not until about 6 or 8 months before filing his bill, was orator informed or knew that D. W. Walkley had purchased the lands; and it is alleged that the price paid was not a fair and adequate price, but that the lands were reasonably worth from $1,000 to $1,250 at the time of the sale. It is further alleged that the Bank of Wetumpka had legal notice, at the time of the purchase of the lands from Walkley, that said Walkley was guardian of orator, and that said sale was sub-

ject to be disaffirmed by orator. It is then alleged that
D. W. Walkley has become a bankrupt, and that George
Stewart has been appointed trustee in bankruptcy, and
is claiming some right or title to the land, and is seek-
ing to subject same to the payment of Walkley's indebt-
edness. The demurrers raise the point that there is no
equity in the bill; a complete and adequate. remedy at
law; that the bill shows that the Bank of Wetumpka
was an innocent purchaser for value without notice;
limitation of 10 years; staleness of demand; laches;
failure to allege that the guardian was guilty of fraud
in acquiring the land; failure to offer to do equity, etc.

FRANK W. LULL, and GOODWYN McINTYRE, for appel-
lant. The bill makes no offer to do equity, and this is
pointed out by the demurrers.—*Powell v. Powell,* 80
Ala. 11; *Marks v. Clisby,* 130 Ala. 502. As to the Bank
of Wetumpka, it is shown by the bill to be an innocent
purchaser for value without notice, and when it is re-
membered that the sale was merely voidable it will be
seen that the demurrers pointing out this defect should
have been sustained.—*Bunn v. Timberlake,* 104 Ala.
262; *Shook v. So. B. & L. Assn.,* 140 Ala. 575. The right
of complainant to have the legal title restored to him is
conditional and encumbered with the equity in favor of
the respondent, and he should offer in his bill to do
equity.—*Rodgers v. Tolbert,* 58 Ala. 525; *Smith v. Con-
ner,* 65 Ala. 376; *Garland v. Watson,* 74 Ala. 323.

L. E. PARSONS, and PHARES COLEMAN, for appellee.
No brief came to the Reporter.

ANDERSON, J.—It has been long and well settled
by the decisions of this court that a purchase by a trus-
tee for his own benefit at a sale of the trust property is

voidable at the option of the cestui que trust, and will be set aside on timely application made for that purpose; and in the application of this rule it is unimportant whether the purchase be made directly or indirectly, in person or through an intermediary, who subsequently reconveys to the trustee, and without regard to the fairness of the purchase.—*Cottingham v. Moore,* 128 Ala. 213, 30 South. 784; *Charles v. Du Bose,* 29 Ala. 367; *Calloway v. Gilmer,* 36 Ala. 354. The authorities recognize and sanction but a single exception to this rule—that is, that executors and administrators, who have an interest in the property sold, may purchase at a sale of the property of the estate, provided there is no unfairness, and property is exposed for sale under the ordinary mode, and under such circumstances as will command the best price.

It is true the books make a distinction between a void and a voidable sale in the application of the doctrine of innocent purchaser for value, and hold that a bona fide purchaser for value under a voidable sale is protected.—*Shook v. Sou. B. & L. Ass'n,* 140 Ala. 575, 37 South. 409. This doctrine is not to be questioned, but whether the sale is void or voidable matters not, if the purchaser is not a bona fide one without notice. The bill avers the sale of the land under a decree of the probate court, and which discloses the nature of the guardian's title, and the bank in purchasing from him had constructive notice of the infirmities of his title—notice that the sale was procured by him as guardian, that he purchased the land at said sale, and that the ward had a right to avoid the same.—*Randolph v. Birmingham Co.,* 104 Ala. 355, 16 South. 126, 53 Am. St. Rep. 64.

While the law permits a minor to avoid such voidable sales upon a seasonable application, he is required to do equity as a condition precedent to relief. He cannot re-

OF ALABAMA.

[Bank of Wetumpka v. Walkley.]

ceive the benefits of a sale and also repudiate same. If he repudiates the sale, he must offer to restore whatever benefits he may have derived from said sale.— *Powell v. Powell,* 80 Ala. 11; *Marx v. Clisby,* 130 Ala. 502, 30 Soutlf. 517; *American Mtg. Co. v. Dykes,* 111 Ala. 188, 18 South. 292, 56 Am. St. Rep. 38. The probate record, which is made a part of the bill, shows that the purchase money for the sale of the land was paid into court and ordered paid over to the complainant's guardian; but there is nothing to indicate that the guardian got the money, or that it was legitimately spent on the complainant, while a ward, or turned over to him when he became sui juris. While it might be essential to the equity of a bill to offer to restore whatever benefits the complainant derived from the sale, when it appears from the bill that such was the case (*Marx v. Clisby, supra,* and cases there cited), yet this averment to restore is not essential, when the bill fails to show that complainant derived benefits from the said sale (*Gillespie v. Nabors,* 59 Ala. 441, 31 Am. Rep. 20; *Randolph v. Birmingham Co.,* 104 Ala. 355, 16 South. 126, 53 Am. St. Rep. 64; *Marx v. Clisby,* 126 Ala. 107, 28 South. 388). It is true this *Clisby Case* was criticised upon the second appeal (130 Ala. 502, 30 South. 517), but not as to the principle of equity pleading, but because of the error in holding that the bill did not show that complainants had derived any benefit from the sale.

The decree of the circuit judge, sitting in equity, is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE, and EVANS, JJ., concur.