51 So.2d 886

### COOK v. WHITEHEAD et al.

### 4 Div. 574.

Supreme Court of Alabama.
April 5, 1951.

· McMillan, Caffey & McMillan, of Brewton, and Ralph·A. Clark, of Andalusia, for appellant.

Powell, Albritton & Albritton, of Andalusia, for appellees.

**LAWSON, Justice.**

The question here is whether or not reversible error is made to appear in the action of the trial court in overruling demurrer to a bill in equity.

This suit was instituted in the circuit court of Covington County, in equity, by James Whitehead and Charles Whitehead, minors, who sue by next friend, Mrs. Harold Gilberstadt. The respondents are Joe Z. Whitehead, Joseph Reynolds Whitehead, and I. G. Cook.

Two demurrers were interposed to the bill of complaint. One was a joint demurrer filed by the two Whitehead respondents; the other was filed by the respondent I. G. Cook. Both demurrers were overruled. The respondents Joe Z. and Joseph Reynolds Whitehead have not appealed. The appeal is by the respondent I. G. Cook from the decree overruling his demurrer.

The bill of complaint is described therein as being an original bill in the nature of a bill of review. But the nature of a bill must be determined by its averments, its purpose and its substance, rather than the name given it by the parties. Jones v. Henderson et al., 228 Ala. 273, 153 So. 214; Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33; Averett et al. v. Averett et al., post, p. 606, 52 So.2d 371.

In so far as the respondent I. G. Cook, the sole appellant here, is concerned, the bill has two aspects.

In one aspect the complainants seek to have vacated: (a) a decree of the circuit court of Covington County, in equity, ordering that 400 acres of land, less the merchantable timber thereon, which the complainants James and Charles Whitehead had inherited from their father, James M. Whitehead, deceased, be sold for division of the proceeds between them; (b) the sale made under that decree; (c) the decree confirming the sale and ordering the register to execute a deed to the purchaser at the sale, Joseph Reynolds Whitehead; (d) the register's deed to Joseph Reynolds Whitehead; (e) a deed from Joseph Reynolds Whitehead and wife to Joe Z. Whitehead; and (f) a deed from Joe Z. Whitehead and wife to the respondent, I. G. Cook.

The averments of paragraphs 2, 3, 4, and 5 of the bill relate to this aspect.

In the other aspect of the bill which is directed at the respondent I. G. Cook, complainants seek (a) the cancellation of a timber deed signed by their father, James M. Whitehead, on July 4, 1942, purporting to convey the merchantable timber then standing on said 400 acres of land to Joe Z. Whitehead, wherein the grantee therein is given fifteen years to cut and remove the timber; (b) the cancellation of a timber deed from Joe Z. Whitehead and wife to the respondent I. G. Cook, executed on, to wit, December 15, 1945, purporting to convey to the said Cook the timber on said 400 acres of land, but limiting the period allowed for cutting and removing to five years; (c) an accounting from Joe Z. Whitehead and I. G. Cook as to the extent of timber cut and removed and payment for the amount so removed. The averments of paragraph 6 of the bill relate to this aspect.

Since the bill here under consideration is in more than one aspect as to the respondent I. G. Cook, consideration must be given to the form of the demurrer of Cook in passing on the question as to whether the trial court erred to a reversal in overruling such demurrer.

The demurrer begins: "Comes I. G. Cook and demurs to the bill of complaint in this cause filed, and for cause of demurrer shows:." Then follow four grounds of demurrer which are numbered. They are followed by five unnumbered grounds which, for convenience, we will designate as grounds 5, 6, 7, 8, and 9. Ground 5 is addressed to the second paragraph of the bill, ground 6 to the third paragraph, ground 7 to the fifth paragraph, ground 8 to the sixth paragraph, and ground 9 to the seventh paragraph of the bill. The demurrer then concludes:

"Wherefore, respondent I. G. Cook demurs to the said bill as a whole and to certain paragraphs thereof as herein stated, and to all matters and things therein contained, and prays the judgment of this Honorable Court whether he shall be compelled to make any further answer thereto, and prays to be dismissed with his reasonable costs in this behalf sustained."

The first four grounds of demurrer clearly go to the bill as a whole. Smith v. Smith, 251 Ala. 694, 39 So.2d 230; Wells v. Wells, 249 Ala. 649, 32 So.2d 697. If a respondent wishes to test the sufficiency of an aspect of the bill separately, the demurrer should be addressed to that aspect sufficiently described, and point out specifically the defects in the allegations with respect to it. First Nat. Bank of Birmingham v. Bonner, 243 Ala. 597, 11 So.2d 348; Wells v. Wells, supra.

As to those grounds of demurrer which go to the bill as a whole, the question for our decision is whether or not either aspect of the bill was good as against those grounds of the demurrer. If one of the aspects asserts matter of equitable cognizance as against the respondent I. G. Cook, then such grounds of demurrer were correctly overruled. See Sellers v. Valenzuela et al., 249 Ala. 627, 32 So.2d 517, wherein some of our former cases dealing with this question are reviewed.

A ground of demurrer which is specially assigned to a "paragraph" of a bill is inapt, unless such paragraph sets forth some aspect of the bill on which relief is prayed. Thus, grounds 5, 6, and 7 of the demurrer which are assigned severally to paragraphs 2, 3 and 5 of the bill, which paragraphs merely set forth various features of the transaction upon which, in connection with other averments, relief is sought, are inapt and were properly overruled. Michie et al. v. Bradshaw et al., 227 Ala. 302, 149 So. 809; Qualls v. Union Cent. Life Ins. Co., 242 Ala. 619, 7 So.2d 558.

Ground 8 of the demurrer is not subject to this defect, for it is addressed to the sixth paragraph of the bill of complaint, which paragraph alone sets forth that aspect of the bill seeking cancellation of the timber deeds, an accounting and payment for the timber cut and removed. Michie et al. v. Bradshaw et al., supra.

Ground 9 of the demurrer was correctly overruled in that it was addressed to the seventh paragraph of the bill, which does not affect the respondent I. G. Cook. A demurrer is limited to questions in which the demurrant is interested. Pickens County v. Williams, 229 Ala. 250, 156 So. 548.

The third and fourth grounds of demurrer which, as before indicated, were directed to the bill as a whole and which took the point that the bill was multifarious, are not argued in brief filed here. We have said in many cases that grounds of demurrer not argued are treated as waived. Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107, and cases cited; Lucas v. Lucas, 252 Ala. 626, 42 So.2d 457.

Our review, therefore, is limited to the consideration of the first and second grounds of the demurrer, which go to the bill as a whole, and to the eighth ground, which goes to that aspect of the bill seeking cancellation of the timber deeds, etc.

The first ground of demurrer is as follows: "That the complainants have not in their bill stated such a case as entitles them in a court of equity to any relief from this respondent touching the matters in said bill." Such a ground of demurrer is equivalent to the general demurrer, "there is no equity in the bill." Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580, 581; McNeal v. Patterson et al., 236 Ala. 50, 180 So. 773; Equity Rule 14, Code 1940, Tit. 7 Appendix. The same is true as to the second ground of demurrer, which reads: "That the said bill of complaint is without equity as against this respondent."

We will first treat that aspect of the bill seeking to vacate the decree ordering the 400 acres of land sold for division, the sale, the decree confirming the sale and ordering the execution of a deed to the purchaser, Joseph Reynolds Whitehead, and the subsequent conveyances. Certain

of the records in the proceedings to sell the land for division are made a part of· this bill. It appears therefrom as follows:

On July 30, 1945, a bill of complaint was filed in the circuit court of Covington County, in equity, in which Joe Z. White-head, as administrator of the estate of James M. Whitehead, deceased, and Jimmy (James) Whitehead and Charles White-head, minors suing by Joe Z. Whitehead as next friend, were the complainants and Jessie Whitehead was the sole party ·re-spondent. This bill in substance alleged that the administration of the estate of James M. Whitehead, deceased, is pending in the probate court of Covington County; that the only heirs and distributees of that estate are the two minor sons, Jimmy (James) and Charles, whose mother ·is also dead and who have no legal guardian; that it is the judgment and opinion of the administrator of the estate that it can best be administered in the circuit court of Covington County, in equity; that of the assets of the estate of James M. White-head, deceased, ·there are 400 acres of land situate in Covington County, which is owned jointly by the said minor sons, in equal shares, excepting and excluding the merchantable timber standing and growing thereon; that the said 400 acres of land cannot be equitably divided in kind between the two said minor sons of James M .Whitehead; that the respondent Jessie Whitehead "claims or is reputed to claim, some right, title, lien, or inter-ests, in the lands involved in this cause; and she is called upon to appear and pro-pound, file or otherwise assert her claim, title, lien or incumbrance, if any, which the complainants does (sic) not admit but refutes; to the end that the title be cleared, and that the lands sell for ·the best price obtainable in the event of a sale of the same by and through this court." As here pertinent, the bill prayed, in substance, that the administration of the estate of James M. Whitehead, deceased, be removed from the probate to the equity court; that it be declared that the respond-ent, Jessie Whitehead, has no interest in the land; that the land be sold for divi-sion of the proceeds between the said minor sons.

Jessie Whitehead, the respondent in that proceeding, testified by deposition, saying, in substance, that the minor sons of James M. Whitehead, deceased, are the owners of the land; that the land cannot be equitably divided in kind and that it would be to the best interests of the said minors that the land be sold for division.

On February 13, 1946, the circuit court of Covington County, in equity, rendered a decree, finding that complainants were entitled to the relief prayed and ordering that the land, exclusive of the merchant-able timber thereon, be sold for division as prayed, and that the sale of the land be conducted by the register in the manner set out in the decree. No reference was . made to that prayer of the bill seeking the removal of the administration of the es-tate of James M. Whitehead, deceased, from the probate to the equity court.

The land was sold on March 4, 1946, to Joseph Reynolds Whitehead for the sum of $1600. On the date of the sale, the register made his report. No objections or exceptions were filed thereto. On March 11, 1946, a decree was rendered by the circuit court of Covington County, in equity, ratifying the report, confirming the sale and ordering the register to exe-cute a deed to Joseph Reynolds White-head. On the same day such decree was rendered, to wit, March 11, 1946, the register made a deed conveying the prop-erty to the said Joseph Reynolds White-head. The deed recited that the purchase price had been paid in full.

Thereafter, on to wit, May 9, 1946, Joseph Reynolds Whitehead and wife exe-cuted a deed conveying to Joe Z. White-head the land which Joseph Reynolds Whitehead purchased at the register's sale, together with an additional 120 acres, less the merchantable timber thereon. The consideration expressed in this deed was $5.00 and other good and valuable con-sideration.

On, to wit, January 11, 1947, Joe Z. Whitehead and wife, Jessie Whitehead,

executed a deed to I. G. Cook, the appellant here, conveying to the latter the property covered by the deed of March 9, 1946, from Joseph Reynolds Whitehead to Joe Z. Whitehead. The consideration expressed in this deed of January 11, 1947, from Joe Z. Whitehead and wife to I. G. Cook was $3,120.

As to such transactions, the bill here under consideration alleges that Jessie Whitehead, who was the respondent in the proceedings to have the land sold for division, was the wife of Joe Z. Whitehead, who sued as next friend of these minor complainants, and that the allegation that the respondent Jessie Whitehead claimed an interest in the 400 acres of land was entirely fictional and was fraudulently made by the next friend, Joe Z. Whitehead; that the respondent to that proceeding, Jessie Whitehead, filed an answer therein disclaiming any interest in the lands; that although the proceedings show that the land was purchased at the sale by Joseph Reynolds Whitehead, in fact the sole bidder at the sale was the next friend, Joe Z. Whitehead, to whom the register, as auctioneer, made the sale, and that the said Joe Z. Whitehead then paid the register the sum of $1600 by his personal check on his account in the bank in Red Level; that at the time of payment, however, the said Joe Z. Whitehead, the next friend, requested that the register prepare the deed showing that his son, Joseph Reynolds Whitehead, was grantee therein and stated to the register that he had made the purchase for the son, although the son was not present at the sale.

It is further alleged in the instant bill that the minor complainants were not represented in the proceedings for the sale of the land for division by a guardian ad litem, nor by counsel nor by any other person other than Joe Z. Whitehead, posing as their next friend.

It is further alleged in the instant bill that the interest of Joseph Reynolds Whitehead in the property purchased at the register's sale was fictional only and that the deed which he later executed to his father, Joe Z. Whitehead, was for the purpose of restoring record title to the true purchaser, Joe Z. Whitehead; that the said Joseph Reynolds Whitehead was merely a "straw" purchaser.

It is further alleged in the instant bill that it was not to the best interest of the minor complainants that such lands be sold for division; that it was not necessary that there be a division. The instant bill alleges that the proceeds of the sale were paid into the register and upon order of the court, the register paid therefrom the costs of court, certain other charges, and as attorney's fee the sum of $160 to the solicitor of record for complainants in that proceeding; that the balance of $1,335 remained from the proceeds of the sale, which was ordered distributed equally to the minor complainants, but has never been accepted by them and said sum still remains on deposit with the register.

The instant bill contains the following allegations:

"Wherefore, complainants charge the said Joe Z. Whitehead with fraud in his conduct as the purported next friend of these minor complainants; and they further charge him with the perpetration of a fraud against the Court in obtaining the decree ordering the sale of said lands and in obtaining the decree confirming said sale; and they further charge him with the perpetration of a fraud against his solicitor of record in said Equity Cause No. 6387; and complainants allege, as set forth in detail in this and the preceding paragraphs, that the said Joe Z. Whitehead committed fraud against the complainants, against the court and against an officer of the Court, their solicitor of record.

"Complainants further allege and show that the said I. G. Cook purchased said lands from Joe Z. Whitehead with notice of the defect in the said Joe Z. Whitehead's title in that the above defective proceedings for the sale of minor's lands was a matter of public record and was thus notice to future purchasers of any defect reflected; complainants further allege and show that the said I. G. Cook had knowledge and notice of the fiduciary re-

lationship existing between Joe Z. Whitehead and these minor complainants and was thus on notice as to any breach of said fiduciary relationship on the part of Joe Z. Whitehead."

▮ The bill in so far as it seeks to vacate the decree ordering the land sold for division is without equity as to the respondent I. G. Cook. The bill in this respect seems to be an original bill in the nature of a bill of review and predicates relief on the averments of fraud in the procurement of the decree rather than for error apparent on the record. There are no averments in the bill charging that I. G. Cook was in any wise connected with the proceedings leading up to the decree ordering the land sold for division. As a bill of review for error apparent upon the record, the bill is inadequate. In the first place, it does not appear from the bill here under consideration that the entire record of the proceedings to sell the land for division was made exhibits to this bill. From such of the records as are exhibited, it appears that the court had jurisdiction of the subject matter and acquired jurisdiction of the parties. The bill showed a cause of action sufficient to justify a decree ordering the land sold for division. Barrow v. Lindsey, 230 Ala. 45, 159 So. 232.

▮ The fact that the bill for sale of the lands was by next friend rather than by guardian did not affect the validity of the decree rendered in that proceeding. Higdon v. Higdon, 243 Ala. 571, 11 So. 2d 140; Trucks v. Sessions, 189 Ala. 149, 66 So. 79.

The principal theory of the bill in so far as it seeks relief against the respondent I. G. Cook is that the sale to Joseph Reynolds Whitehead was voidable in that he was acting for and on behalf of the respondent Joe Z. Whitehead, who stood in a fiduciary relationship to the complainants, and that the respondent I. G. Cook was not a bona fide purchaser without notice of the fact that the register's sale was voidable. There is no averment to the effect that the respondent I. G. Cook had actual knowledge of the fact that

Joseph Reynolds Whitehead was the son of Joe Z. Whitehead or that Joe Z. Whitehead was the actual purchaser at the register's sale and had the deed made to his son, the said Joseph Reynolds Whitehead.

▮ Joe Z. Whitehead stood in a fiduciary relationship to these complainants and their rights as to a purchase by him are the same as a cestui que trust has against a trustee who purchases for his own benefit at a sale of the trust property. Memphis Stone & Gravel Co. v. Archer, 120 Miss. 453, 82 So. 315; Smith et al. v. Strickland et al., 139 Miss. 1, 103 So. 782. See Carroll v. Draughon, 152 Ala. 418, 44 So. 553.

▮ It has long been well settled by the decisions of this court that a purchase by a trustee for his own benefit at a sale of the trust property is voidable at the option of the cestui que trust, and will be set aside on application duly made for that purpose; and in the application of this rule it is unimportant whether the purchase be made directly or indirectly, in person or through an intermediary, who subsequently reconveys to the trustee, and without regard to the fairness of the purchase. Bank of Wetumpka v. Walkley, 169 Ala. 648, 53 So. 830, and cases cited; Warrick et al. v. Woodham et al., 243 Ala. 585, 11 So.2d 150, 144 A.L.R. 1223. The authorities recognize and sanction but a single exception to this rule—that is, that executors and administrators who have an interest in the property sold may purchase at a sale of the property of the estate, provided there is no unfairness and the property is exposed for sale under the ordinary mode, and under such circumstances as will command the best price. Bank of Wetumpka v. Walkley, supra; Warrick et al. v. Woodham et al., supra. However, we are not here concerned with this exception. True, Joe Z. Whitehead was the administrator of the estate of James M. Whitehead and sued in that capacity as well as in the capacity of next friend to the minor complainants. But the sale was not sought on the ground that the proceeds thereof were needed to pay the debts of

410

the estate. It appears that the administrator was a party for the purpose of having the estate removed to the equity court.

 The cases make a distinction between a void and a voidable sale in the application of the doctrine of an innocent purchaser for value, and hold that a bona fide purchaser for value under a voidable sale is protected. Shook v. Southern Building & Loan Ass'n, 140 Ala. 575, 37 So. 409. But whether the sale is void or voidable matters not if the purchaser is not a bona fide one without notice.

If the averments of the bill here under consideration had shown that Joe Z. Whitehead was the purchaser at the register's sale, then the bill in so far as it seeks to void that sale and the subsequent conveyances made thereunder would clearly have equity under the holding of this court in Bank of Wetumpka v. Walkley, supra. However, it appears that Joe Z. Whitehead was not the purchaser at the register's sale. There is nothing in the chain of title of the respondent I. G. Cook which gave him constructive notice of any infirmity in the title of his vendor, Joe Z. Whitehead. Whatever arrangement may have been made between Joe Z. Whitehead and Joseph Reynolds Whitehead concerning the purchase of the property by the latter and the subsequent reconveyance to the former, there is nothing in the proceedings or the subsequent conveyances to give the respondent I. G. Cook notice of any defect in the title of his vendor, Joe Z. Whitehead. No error appearing upon the face of the proceedings or conveyances, it was not incumbent upon Cook to make inquiry as to the manner in which the sale was conducted.

We hold that under the averments of the bill, the respondent I. G. Cook was a bona fide purchaser without notice and that in so far as the bill seeks to vacate the deed from Joe Z. Whitehead to the respondent I. G. Cook it is without equity.

That aspect of the bill which seeks cancellation of the timber deeds is likewise without equity. Cancellation is sought on two grounds, nondelivery and no consideration.

Delivery is essential to the complete execution of a deed, but in so far as this bill discloses complainants have an adequate remedy at law, there being no allegation that they are in possession. Tarwater v. Going et al., 140 Ala. 273, 37 So. 330.

The averment, "Complainants further allege and show that there was no good or valuable consideration passing from Joe Z. Whitehead to James M. Whitehead in return for such conveyance," does not justify the cancellation as here sought. Wells v. Wells, supra.

As to the respondent I. G. Cook, the bill is without equity in all of its aspects and his demurrer thereto should have been sustained.

The decree appealed from is reversed and one will be rendered here sustaining the demurrer. The cause is remanded for further proceedings therein, and the complainants are allowed thirty (30) days within which to amend their bill of complaint.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.