67 So.2d 25

**PANNELL v. PANNELL.**

8 Div. 704.

Supreme Court of Alabama.

Aug. 6, 1953.

Harold T. Pounders, Florence, for appellant.

Bryce U. Graham, Tuscumbia, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling demurrers to a bill filed by H. Pannell against his wife Mary B. Pannell. The bill in one aspect seeks a divorce from the respondent on the alleged grounds of addiction to habitual drunkenness after marriage and actual violence committed by the respondent on the complainant's person attended with danger to his life or from her conduct reasonable apprehension of such violence. In the other aspect the bill seeks a division of real and personal property alleged to be jointly owned by the complainant and the respondent.

It is insisted that the demurrer should be sustained because the name of the complainant is given as H. Pannell and there is no averment as to what the initial "H" stands for. This is not an appropriate ground of demurrer. If this be a defect, it should be raised on the evidence by an appropriate plea. Wright v. Jones, 103 Ala. 539, 15 So. 852.

It is contended that the allegations of the bill do not. show in what proportion the real and personal property is owned by the parties. The theory is that on a bill to partition property jointly owned, such an allegation is necessary. The demurrers, however, clearly go to the bill as a whole. There is no demurrer which is addressed separately to the aspect of the bill which seeks a division of the property alleged to be jointly owned. There is no doubt that the aspect of the bill which seeks a divorce on the grounds which are alleged is good. Accordingly, under our decisions, the demurrers being addressed to the bill as a whole were properly overruled. Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886;

Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517.

It results that the decree of the lower court is due to be affirmed.

Affirmed.

All the Justices concur.