(96 South. 429)

**STEWART v. HILL et al. (8 Div., 532.)**

(Supreme Court of Alabama. May 10, 1923.)

1. **Appeal and error** ⊜⟶770(1)—**Matter not necessary to be determined not considered in absence of brief for appellee.**

A question not fully discussed, owing to the absence of a brief for appellees, need not be determined, where unnecessary to disposition of the cause.

2. **Mortgages** ⊜⟶187—**Acquisition of legal title by conveyance from mortgagee complete defense to ejectment, in absence of evidence of homestead character of land when mortgaged.**

Acquisition of legal title to land and a mortgage thereon by conveyance from mortgagee is a complete defense to an action in ejectment by mortgagor's heirs, and, in the absence of evidence from which the jury could reasonably infer any homestead character when the mortgage was executed, entitles defendant to the affirmative charge.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by Andy V. Hill and others against S. E. Stewart. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Sample & Kilpatrick, of Hartselle, for appellant.

The burden was on plaintiffs to show invalidity of the mortgages held by defendant, failing which defendant was due the affirmative charge.

Wert & Hutson, of Decatur, for appellees.

No brief reached the Reporter.

GARDNER, J. Appellees recovered a judgment in ejectment against the appellant for a certain 80 acres of land situated in Morgan county. Plaintiffs claim through D. M. Hill (as to whom they insist the evidence as to his long-continued, unheard-from absence is sufficient to rest a presumption of his death); the plaintiffs being the widow and two children, the only heirs of said D. M. Hill. They offer in evidence deed to said Hill from one Bowman bearing date September 21, 1908.

The defendant likewise claims title through the same source under three mortgages executed by D. M. Hill. The first of these mortgages was executed by said Hill on November 27, 1908, to one C. M. Evans, conveying the land here involved, and the mortgagee's interest in the mortgage and the land therein conveyed was duly assigned, transferred, and conveyed by the said mortgagee to this defendant in March, 1912. The other two mortgages were executed by said Hill to defendant; one bearing date March 29, 1911, and the other April 8, 1911.

[1] These mortgages were executed by D. M. Hill alone, and their invalidity is sought to be established upon the ground that the land constituted his homestead at the time of their execution and that the wife did not join therein. It may be seriously questioned that this land under the meager proof contained in this record had been impressed with a homestead character even at the time of the execution of the latter mortgages; but as we are not favored with brief of counsel for appellees, and the question is therefore not fully discussed, we pass it without determination as it is unnecessary to the disposition of this cause.

As previously shown, the deed to Hill appears to have been executed September 21, 1908, and the first mortgage on November 27th thereafter. At the time of the trial, Hill and his wife had not lived together for more than 20 years. When they were last living together as husband and wife, they were residing in Lawrence county on rented land, and while so residing said Hill abandoned his wife and family.

As to the possession of the 80 acres here involved, one Knight is the only witness. The actual facts as testified to by this witness disclose that he (the witness) had only been on the land three times, once in December, 1910, and twice in the early part of 1911; and that on these occasions he saw said Hill on the land, at which time he was living in the house with the tenant. The witness stated:

"These three times are the only times I ever saw D. M. Hill on the land or in possession of it, and all I know about his being in possession of the land or living upon it was what I saw when I was on the land in December, 1910, and the early part of 1911. I never saw him in possession of or on the land prior to December, 1910."

Hill seems to have left the land in January or February, 1912.

[2] Whatever may be said as to any homestead character of the land for the years 1910 and 1911 (a question we leave undecided), we are clear to the view there is no evidence from which the jury could reasonably infer any homestead character on November 27, 1908, when the first mortgage was executed. The defendant acquired the legal title to this mortgage and the land therein

conveyed by the transfer and conveyance of the mortgagee, and this was a complete defense. He was therefore entitled to the affirmative charge, and the court erred in its refusal.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.