138 So. 538

**HEATH et al. v. HILL.**

1 Div. 674.

Supreme Court of Alabama.

Dec. 17, 1931.

R. P. Roach, of Mobile, for appellants.

Smith & Johnston, of Mobile, for appellee.

KNIGHT, J.

In the bill as originally filed in this cause, Mrs. Ella F. Heath was the sole complainant, and the appellee, then, as now, the sole party defendant.

The defendant filed a number of grounds of demurrer to the bill as first presented, challenging its equity upon the grounds, inter alia, (1) that it appears from the facts alleged in the bill there was no mutuality of remedy; and (2) that there was no valid contract in writing signed by the complainant which could have been enforced by the defendant. The court sustained the demurrer, but without any suggestion as to any particular ground which induced its ruling.

Thereafter the complainant filed an amended bill, making her husband a party complainant, and the husband, being thus brought in as a complainant, joins his wife in her offer to perform all the terms of the contract. The respondent refiled his demurrer to the amended bill, and four additional grounds are assigned.

It appears from the bill of complaint, as amended, that the complainant Ella F. Heath owned in her own right certain property in the city and county of Mobile, and the respondent, Hill, owned a twenty-acre farm in the same county. It is also made to appear that Karl N. Heath was the husband of Ella F. Heath, and the relationship of husband and wife existed between them at the time of the transactions set forth in the bill.

The bill avers that on September 8, 1930, the said Ella F. Heath, being at that time the owner of the property mentioned first above, acting by and through Karl N. Heath, her agent and husband, engaged one H. E. Blake, who was doing business under the name of Investors' Realty Company, as her broker, to find a person to whom she could sell her property or exchange the same for other property. The bill further avers that for seven or eight years the complainants had been engaged in buying and selling real estate on a small scale; that most of the real estate was bought and sold in the name of Ella F. Heath; that she was the real owner of the same. It is further averred that the said Ella F. Heath, by instruments in writing, set out in the bill, had appointed the said Karl N. Heath her attorney in fact "to sell, exchange or dispose of" any and all lands, real estate, or personal property now owned or hereafter owned by her. There appear in the record two of such powers of attorney. The bill states and avers that up to and at the time of the execution of the contract, which is the basis of this suit, these powers of attorney were still unrevoked and were in force and effect, and that the said Karl N. Heath was duly authorized in writing, under said powers of attorney, to exchange the real estate owned by the said Ella F. Heath, and described in the contract hereinafter set out for the twenty-acre farm owned by said Hill, and that in making the trade recited in said contract the said Karl N. Heath was acting as the agent of complainant Ella F. Heath, as

well as to bind himself to fully carry out and perform the contract with said Henry K. Hill.

The respondent, appellee in this court, had also engaged the same H. E. Blake (at about the same time the complainant, through her alleged agent and husband had engaged his services) to find him (respondent) a purchaser for his twenty-acre tract of land. Blake brought Karl N. Heath and the said Henry K. Hill together, and as a result of the efforts of Blake, acting under the name of Investors' Realty Company, the following instrument was drawn up and signed:

"Mobile, Ala. Sept. 11, 1930.
"Investors Realty Co., Mobile, Ala.

"Dear Sir: I hereby make you a firm offer of to trade Dollars $ subject, however, to the terms and conditions herein named for the following property, to-wit:

"My property, house and lot 116 Herndon Avenue and house and lot 21 and 20 of Heath's 1st Addition to Mobile, for your 20 acre farm with the improvements and implements, located on Hall's Mill Road just below Pascagoula Road, your property to be free and clear all encumbrance you are to assume mrtg. 6000.00 on the property above mentioned and pay me 900.00 cash difference. I pay part com. 300.00 you are to pay commission one car Studebaker and 100.00 in 60 days or 90 days.

"Terms ——— Cash, balance ——— the said deferred payments to bear interest at the rate of ———. Owner to furnish complete abstract (of Guaranty of Title) a good merchantable deed, free from all encumbrances except ——— due and payable ——— years after date ——— agree to assume.

"All undue State and County, City and Special Taxes, interest and also insurance and rents are to be prorated as per date of transfer.

"I further agree to pay the usual agent's commission and any other expense that may have been incurred if I fail to complete such sale within 10 days from date. I hereby deposit one hundred Dollars $——— as earnest money. Same to be returned if title not merchantable.

"Karl N. Heath, Agt.

"Witness:

"The above offer is hereby accepted on this 11 Sept. 1930.

"Henry K. Hill."

After the execution of this contract, abstracts of title to the lands were prepared by the attorneys of each of the parties, and the same approved by the respective attorneys, and the complainants executed and offered to the respondent a general warranty deed (quoting from the bill) "to the three pieces of property which complainants aver they were to convey to him and tendered also to respondent's attorney for execution by respondent a deed from respondent to Ella F. Heath to the property he was to convey to her." The respondent refused to execute the deed to Mrs. Heath.

It is averred in the bill that, in describing the property to be conveyed, by mutual mistake lot 21 was inserted, whereas it was intended to convey lot 19, and in the deed tendered by complainants the mistake, if any, was corrected.

Complainants aver and offer, in their bill, to carry out and perform all other terms and conditions of said contract on their part, as provided for in the contract, or corrected by the court, or, without correction, if respondent so demands, and aver that they are ready, able, and willing to carry out and perform all of the provisions of the contract resting upon them. Complainants pray (1) for a correction of the mistake as to the description of the property; and (2) for specific performance.

The cause was submitted on demurrers of the respondent to the amended bill, and the court sustained the demurrers; and from that decree the present appeal is prosecuted.

The appellants insist that, while the contract was signed only by Karl N. Heath, agent, nevertheless he was acting for his wife, as her duly authorized agent; that by his signature thus affixed, with the added abbreviation of "Agt.," he bound not only his wife, under the terms of his authority as her duly appointed agent in writing, but that he also signified thereby his assent in writing, as her husband, to the execution of the contract.

The appellee contends, on the other hand, that the contract under consideration was the individual obligation of Karl N. Heath, and that the added word "agent," without more, did not make the contract the obligation of the wife.

This is the first question to be considered, for, if the undertaking was in fact the individual obligation of Karl N. Heath, and not the contract of the alleged principal, then it will be unnecessary to consider the other matters pressed in argument by appellants, for, if the appellant Ella F. Heath had no written contract with the appellee for the exchange of the property, then her bill is without equity. Her right to specific performance depends entirely upon the contract brought forward in the bill. If it was not made for and on her behalf, then she confessedly has no standing in court, whether it was, in fact, her obligation, or the individual obligation of her husband, must be determined by the contract itself as executed.

It was said in the case of Richmond Locomotive & Machine Works v. Moragne, 119 Ala. 80, 24 So. 834, that, if the principal "is not disclosed on the face of the paper, and the party signing describes himself as agent,

trustee, or the like, without more, it is the obligation alone of the party whose name is set to the paper, the superadded word or words being mere descriptio personæ to be disregarded as surplusage; and evidence cannot be received to show that he was in fact the agent or trustee or the like of an undisclosed principal, cestui que trust, or the like, and that the obligation was that of such other person." In this case it is held that, if the paper discloses the names of two parties, either of whom may be the obligor, and it is doubtful from the whole instrument which of the two is intended to be bound, and the signer describes himself as agent, or as acting in other representative capacity, parol evidence is admissible to show that it is the obligation of the party named in but not signing the paper. The following cases are cited in support of the proposition: Lazarus v. Shearer, 2 Ala. 718; Baker v. Gregory, 28 Ala. 550, 65 Am. Dec. 366; Drake v. Flewellen, 33 Ala. 106; May v. Hewitt, North & Co., 33 Ala. 161; Ware, Murphy & Co. v. Morgan & Duncan, 67 Ala. 461; Collins v. Hammock, 59 Ala. .448.

To like effect is the holding in the case of Briel v. Exchange National Bank, 172 Ala. 476, 55 So. 808, 809. In this case the rule is recognized that the use of such words as "president," "manager," and the like, following individual signatures, there being nothing to indicate of what or whom they are officers, or agents, nor anything in the body of the instrument to render it doubtful, "does not open the way for evidence aliunde, but that such words are to be disregarded as being merely descriptive of the persons of the signers." To hold otherwise would offend the rule which makes inadmissible parol evidence to alter or vary the terms of a written instrument, which is clear and unambiguous.

In support of the contention that the contract is so written and signed as to show that it was not the undertaking of Karl N. Heath individually, but of said Heath as an agent, and therefore to render admissible evidence aliunde, to show that, in executing said contract, he (Heath) was acting for and on behalf of his wife, we are cited to a number of authorities, but in each of the cited cases there was.something in the body of the contract or on its face which gave notice that the signer was acting in a representative capacity, as was pointed out, for example, in the case cited of Taylor v. A. & M. Ass'n of West Alabama, 68 Ala. 229, where it is said: "Though the conveyance may, as in the mortgage before us, run in the name of the principal in its body, and in all its clauses, yet, if it is executed by an agent in his own name, and not in the name of the principal, it is not the deed of the principal, and against him can have no operation in a court of law," but it is held that a court of equity will enforce the instrument. This is no authority against our holding in the present case, for the instrument in the.Taylor Case showed in its body that the signer was acting in a representative capacity.

In brief filed for complainant, we find the expression, "It is not alleged whether the principal was verbally disclosed or not, but so far as the written contract is concerned, the principal was undisclosed except in so far as the addition to his name of 'Agt.' might have informed Hill that Karl N. Heath was acting for another."

■ Certainly, as executed, the contract sought to be enforced gives no hint that Mrs. Heath was a party thereto, but, to the contrary, it has every indicia of being the contract solely of Karl N. Heath, and it speaks its own language. We are therefore constrained to hold that Mrs. Heath shows no right to specific performance. The respondent's undertaking was with Karl N. Heath, and he cannot introduce his wife into the dealing between himself and Hill. The case of Derrick v. Monette, 73 Ala. 75, is very much in point here.

Inasmuch as Mrs. Heath shows no right to specific performance, it is unnecessary to consider the question of reformation.

It follows that there was and is no error in the decree appealed from, and it will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.