140 So. 624

## STEWART v. WILLIAMS.

### 7 Div. 766.

Court of Appeals of Alabama.

March 22, 1932.

A. L. Crumpton and Hardegree & Dempsey, all of Ashland, for appellant.

Pruet & Glass, of Ashland, for appellee.

Brief did not reach the Reporter.

RICE, J.

This was a suit brought by Mrs. A. J. Williams, not "As Administratrix of the Estate of A. J. Williams, deceased," but in her individual capacity; the addition of the words "Administratrix of the Estate of A. J. Williams, deceased" after her name, in the complaint, and the summons issued thereon, being merely "descriptio personæ to be disregarded as surplusage." Heath et al. v. Hill, 224 Ala. 25, 138 So. 538, 540.

It was against appellant, alleged and admitted to have been a former sheriff of Clay county, who brings this appeal from the judgment, on verdict of the jury, rendered against him therein.

The facts shown by the record, essential to an understanding of our holding, are, substantially, these: A. J. Williams, in his lifetime, sold to M. J. Newberry a tract of land, receiving a small cash payment, and taking from said M. J. Newberry a note, in which Ollie Newberry, his wife, joined, secured by mortgage on said land, for the balance of the purchase price thereof. The said note and mortgage being still unpaid, though due, A. J. Williams died. Mrs. A. J. Williams, as administratrix of his estate, in a proper bill to declare and enforce the vendor's lien reposing in A. J. Williams, on said land (it being duly shown that said above mortgage improperly described same, rendering its foreclosure ineffectual for the purpose in hand), procured, on, to wit, July 23, 1924, a final decree for the sale of said land, ascertaining the indebtedness due thereon, ordering that the proceeds of said sale be credited on said indebtedness, and rendering judgment against M. J. Newberry and Ollie Newberry, his wife, for the excess—some several hundred dollars.

The above bill and all the proceedings thereon are before us, and appear in every way regular.

Some four years subsequent to the date of the said final decree, above, it appears that an execution was duly issued and levied upon lands belonging to Ollie Newberry, where-

upon she promptly filed in the said cause her motion to "set aside and annul the final decree," etc., on a number of grounds, but the salient one of which was "that she was never served with a legal notice, etc., that she was a party respondent in the (this) cause." This motion was granted by a purported "decree" entered on September 24, 1928.

Thereafter appellee in the instant suit began her action against appellant, shown without dispute to have been the sheriff making the "return" showing proper service, etc., upon Ollie Newberry, whose motion to set aside the final decree against her, above, had been granted on the ground that she was not so served etc.

The judgment must be reversed.

■ In the first place, the whole theory of appellee's case, everything connected with this proceeding, and her entire contention, is that, if there is any right of recovery shown, it is in "Mrs. A. J. Williams, as Administratrix of the Estate of A. J. Williams, deceased," and not in "Mrs. A. J. Williams, individually." The suit being brought as above herein mentioned, it is obvious that appellant was entitled to have given the duly requested general affirmative charge in his favor. Heath et al. v. Hill, supra.

■ But no right of recovery is shown in "Mrs. A. J. Williams, as Administratrix," etc. We will show why.

While the late, learned, and lamented Mr. Justice Sayre criticized it rather severely, and more or less forcefully (Ex parte Dayton Rubber Mfg. Co. [Dayton Rubber Mfg. Co. v. McCormack], 219 Ala. 482, 122 So. 643), yet the following statement of the law, made by the equally learned, and just as much lamented, Mr. Justice Somerville, for the full sitting membership of the Supreme Court, in the opinion in the case of Ex parte Brickell, 204 Ala. 441, 86 So. 1, still stands for our guidance (Code 1923, § 7318), to wit: "When the record shows due service of process or notice, and the judgment rendered is not void on its face, the court which rendered the judgment cannot, after the lapse of the term, either alter or vacate the judgment on the motion of either of the parties. The only remedy then available is a petition for rehearing under the provisions of the Code (sections 5371–5376 [Code of 1907, now sections 9520–9525 Code 1923]), or by bill in chancery."

That statement of the law applies to the facts shown in this case. The record, in the suit by Mrs. A. J. Williams, etc., v. M. J. Newberry and Ollie Newberry, supra, "shows due service of process or notice, and the judgment rendered (therein) is not void on its face." It was neither attacked under the provisions of the Code referred to (the

four month's statute), as indeed, under the facts shown, some four years having gone by before Mrs. Ollie Newberry was informed of same, it could not have been, nor by "bill in chancery." It still stands. The "motion" by Ollie Newberry was entirely ineffective, and the purported "decree" granting same was void and of no effect, and may be here, or anywhere else, disregarded and considered not to exist. L. & N. R. R. Co. v. Tally, 203 Ala. 370, 83 So. 114. That being true, "Mrs. A. J. Williams as Administratrix of the Estate of A. J. Williams, deceased," so far as the record before us is concerned, has whatever rights to which said original judgment against Ollie Newberry entitled her, on its face. Manifestly, then, she has no present cause of action against appellant.

There are many other questions raised—some of them presented—"but as we are not favored with brief of counsel for appellees, and the question[s] is [are] therefore not fully discussed, we pass it [them] by without determination as it [a determination of them] is unnecessary to the disposition of this cause." Stewart v. Hill et al., 209 Ala. 457, 96 So. 429.

For the error in refusing to give at appellant's request the general affirmative charge to find in his favor, the judgment is reversed, and the cause remanded.

Reversed and remanded.