156 So. 842

**BECKER ROOFING CO. v. LITTLE et al.**

**7 Div. 242.**

Supreme Court of Alabama

Oct. 11, 1934.

Dixon & Dixon, of Chattanooga, Tenn., and Jesse D. Pope, of Fort Payne, for appellant.

C. A. Wolfes, of Fort Payne, for appellee.

FOSTER, Justice.

This is a suit in equity by appellant to collect an amount as the contract price for work and material for constructing a roof on an old house of respondents with new composition asphalt shingles manufactured by appellant in strips of several shingles to the strip.

The contract provided in respect to appellant: "We guarantee the workmanship to be of the highest grade." And in it appellant also agreed to repair the roof if any leaks appear within five years through faulty material or workmanship, if defendant was not then in default.

The house originally had a roof of wooden shingles, and that in turn was covered with composition in rolls, and all were then in a state of advanced decay. The contract did not stipulate that the new roof should or should not be placed over the old. It was so placed. This did not violate the contract, provided the finished product manifested a high grade of workmanship. Appellant sent workmen from its home town to do the work, but none of them were examined as witnesses. Appellant introduced no witness who was present and saw the work in progress. But in respect to the process of its construction it showed that the strips of shingles should be nailed to the under layer and glued to it. The nails were to hold them in place until the glue hardened or set.

The contention of complainant was that the nails were for that service only, and especial-

ly not to hold the shingles permanently in place. The evidence was that the nails were exposed in many places, and soon became so loose that they could be pulled out with the fingers and served to provide holes for leaks. The great weight of the evidence was that no glue was used as thus required; that the new shingles were simply nailed to the old decayed wooden shingles, which had been there about forty years, and also without sufficient lap, and that they became loose, and never made a tight roof, but some of them blew off, and some "blow up and down" in windstorms so as to admit the rain, and that the roof has leaked in great quantities since it was first put on.

It is apparent that complainant did not use high grade workmanship as it agreed, and that the roof was of little substantial value to the house. It may be that complainant in good faith assumed that its agents did the work properly. But the evidence is convincing that it was not thus performed.

The use of his house with the roof as we have described was not a voluntary acceptance of it, since respondent was not required to abandon his house to manifest his dissent. Higgins Mfg. Co. v. Pearson, 146 Ala. 528, 40 So. 579; 9 C. J. 818, 819, §§ 155 and 156.

Under such circumstances, complainant was not due to recover anything, since it failed to comply with its contract, and its suit was dismissed without error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.