87 So.2d 844

**Mable L. MURPHY**

v.

**Beulah Mae PICKLE.**

**6 Div. 968.**

Supreme Court of Alabama.

May 24, 1956.

Dempsey F. Pennington, Birmingham, for appellant.

F. R. Ingram and W. E. Prescott, III, Birmingham, for appellee.

**364**

LAWSON, Justice.

Beulah Mae Pickle filed her bill in the circuit court of Jefferson County, in equity, against Mable L. Murphy seeking specific performance of an alleged oral contract for the conveyance of certain real property described in the bill.

Demurrer was sustained to the original bill but was overruled to the bill as amended. The respondent, Mable L. Murphy, thereupon filed her answer, which in pertinent part reads as follows: "The respondent denies each and every allegation contained in the original bill and the amendment thereto which has been filed in this cause, and demands that each and every such allegation be strictly proven by competent legal evidence." The statute of frauds was not pleaded.

The court after hearing the testimony orally rendered a decree granting the relief substantially as prayed. From that decree the respondent, Mable L. Murphy, has appealed to this court.

Assignments of Error 5 through 9 present nothing for our review. Each of those assignments challenges the action of the trial court in overruling demurrer to so-called aspects of the amended bill. If we understand the amended bill, it has but one aspect. But in any event, the demurrer was addressed only to the amended bill as a whole. The demurrer begins: "Comes the respondent, Mable L. Murphy, and demurs to the bill of complaint as amended in the above cause and to each aspect thereof separately and severally and as grounds of said demurrer sets out and assigns the following separately and severally: * * *" Then follow a number of grounds of demurrer. We have repeatedly held that a demurrer so addressed goes only to the bill as a whole. Smith v. Smith, 251 Ala. 694, 39 So.2d 230; First National Bank of Birmingham v. Bonner, 243 Ala. 597, 11 So. 2d 348; Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886; Groover v. Darden, 259 Ala. 607, 68 So.2d 28; First National Bank v. Forman, 230 Ala. 185, 160 So. 109. If a respondent wishes to test the sufficiency of an aspect of a bill separately, the demurrer should be addressed to that aspect separately described and point out separately the defects in the allegations with respect to it. First National Bank of Birmingham v. Bonner, supra; Cook v. Whitehead, supra.

The fourth assignment of error is that the trial court "erred in overruling respondent's demurrer to the amended bill of complaint in this cause." This assignment of error is not too general, as it is not necessary to make a separate assignment of error as to each ground of demurrer thought to have been well taken. Brewer v. Brewer, 259 Ala. 149, 66 So.2d 450; Groover v. Darden, supra. But merely assigning as error the action of the trial court in overruling the demurrer does not present for our review the question as to whether any or all of the grounds of demurrer were well taken. It has been pointed out by this court in several cases that where the action of the trial court in overruling a demurrer to a bill in equity is assigned as error, we treat only those grounds of demurrer which have been adequately argued here. Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; Brewer v. Brewer, supra; Cook v. Whitehead, supra; Groover v. Darden, supra; Love v. Rennie, 254 Ala. 382, 43 So.2d 458; Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107.

No ground of the demurrer is expressly mentioned in brief filed here on behalf of the appellant and the slight reference made in brief to the action of the trial court in overruling the demurrer to the amended bill leaves us in considerable doubt as to the "defect" in the bill which appellant contends renders the bill demurrable. We do

not feel that assignment of error 4 has been argued sufficiently to warrant treatment here.

■ As her first witness complainant called the respondent, Mrs. Murphy. Later the complainant testified in her own behalf, as did her husband. Their testimony was in several material respects contradictory of the testimony of Mrs. Murphy. In brief of appellant is the following argument:

"It is earnestly insisted by the Respondent in this case that, after giving her testimony in behalf of the Complainant, she (Complainant) was bound to accept its verity and should not have been allowed to subsequently abandon entirely her theory of the case as presented by Respondent's testimony, and to prove the exact opposite thereto as the basis for a recovery, or favorable decree."

There is no assignment of error which brings to our attention any ruling of the trial court on the admission or exclusion of evidence. However, we call attention to the case of Price v. Cox, 242 Ala. 568, 570, 7 So.2d 288, 290, wherein the following language was quoted with approval from 70 Corpus Juris 796, § 994: "'A party who calls his adversary as a witness is not allowed to impeach him, but he may dispute specific facts although sworn to by the witness, and he may draw any inference from his testimony which the facts stated by the witness seem to justify.'" See Jebeles-Colias Confectionery Co. v. Booze, 181 Ala. 456, 62 So. 12.

■ Assignments of error 1, 2 and 3, which are set out in the report of the case, are all in general terms. But the decree is a unit and if erroneous in any respect the error permeates the entire decree and an assignment in general terms is sufficient. Birmingham Electric Co. v. Alabama Public Service Commission, 254 Ala. 140, 141, 156, 47 So.2d 455.

■ It is well established that in a suit for specific performance of a verbal contract for the sale of land, the complainant must establish the contract alleged in the bill by clear and satisfactory proof.

Justice Stone in Daniel v. Collins, 57 Ala. 625, 627, in writing on the subject of specific performance of an agreement to sell lands, said for the court:

"* * * In such suits, great accuracy of averment, and strict, corresponding proof are required. Loose and inaccurate pleading, or variant or merely persuasive testimony, is alike fatal to the relief prayed. The complainant's case must be clearly made out in harmonious pleading and proof, to entitle him to a decree. * * *

"* * * Perhaps the better definition of the rule is, that the court will never grant this relief * * * where the proof of right is not clear. Courts, in such cases, will not grope their way, on inconclusive probabilities. * * *"

Again, this court, in Allen v. Young, 88 Ala. 338, 340, 6 So. 747, wrote on this subject:

"In suits for the specific performance of parol contracts respecting the sale of lands, the rules of equity pleading require that the contract shall be distinctly, definitely, and precisely averred, so that the court may not be left to inference, or in uncertainty, as to its terms, or as to the rights of the parties. In no other class of cases is correspondence between the allegations of the bill and the proof produced to establish them more rigidly exacted. It is not sufficient that some agreement be proved. If the evidence fails to satisfactorily establish the particular agreement alleged in the bill, or leaves any of its material terms in doubt or uncertainty, equity will not lend its aid to enforce its specific performance. * * *"

In Harrison v. Harrison, 198 Ala. 159, 160, 73 So. 454, 455, this court wrote:

"'* * * The evidence must be such as to produce a clear conviction of the existence and terms of the contract as alleged.' * * *"

See, also, Pike v. Pettus, 71 Ala. 98; Brown v. Weaver, 113 Ala. 228, 20 So. 964; Pepper v. Horn, 197 Ala. 395, 73 So. 46; Burt v. Moses, 211 Ala. 47, 99 So. 106; Box v. Box, 243 Ala. 437, 10 So.2d 478; Thompson v. Wilson, 258 Ala. 548, 63 So. 2d 695.

The proof does not measure up to this standard. According to the averments of the bill, the contract which is sought to be specifically enforced was entered into on Friday, May 14, 1954, by the complainant, Mrs. Beulah Mae Pickle, and the respondent, Mrs. Mable L. Murphy.

After reading the testimony in this record most carefully, we are firm in the conclusion that there is no evidence to support a finding that the respondent entered into any kind of a contract with the complainant. The evidence as it relates to a contract is to the effect that it was entered into by the respondent and the complainant's husband, F. K. Pickle. Even if it be assumed that the evidence supports a finding that the respondent knew that the suit property was being purchased by F. K. Pickle for the benefit of his wife, the fact remains that no such contract is alleged in this bill. We are clear to the conclusion that the complainant did not by "clear and satisfactory proof" sustain the averments of the bill to the effect that she had entered into a contract with the respondent for the sale of the land in question.

The decree of the trial court is reversed and the cause is remanded. See Heath v. Hill, 224 Ala. 25, 138 So. 538.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.