106 So.2d 176

**J. E. SALIBA, d/b/a Dothan Roofing & Heating Company,**
v.
**Wanda LUNSFORD et al.**
4 Div. 964.

Supreme Court of Alabama.
Oct. 30, 1958.

**308**

H. K. & J. F. Martin, Dothan, for appellant.

J. Hubert Farmer, Dothan, for appellees.

LAWSON, Justice.

J. E. Saliba, doing business as Dothan Roofing & Heating Company, filed his bill of complaint in the Circuit Court of Houston County, in Equity, against Wanda Lunsford and Dothan Federal Savings & Loan Association, a corporation, seeking to establish the statutory lien given by § 37, Title 33, Code 1940, and also seeking a sale of the property in satisfaction of the lien.

It appears from the bill and exhibits thereto that the lien was sought to secure an "indebtedness of $1,075.31 * * * For Material, Equipment and Labor used in the construction of a Furnace Room, Flue and the Installation of a General Motors, Delco Heating System in Residence located at 1306 West Newton Street, Dothan, Alabama. The name or Names of the Owners or Proprietors of said Property are: Wanda Lunsford."

In her answer Wanda Lunsford admits that complainant "furnished certain labor and materials for the installation of a forced warm air heating system, in the dwelling house located on the lot as described in said bill," but she avers that she is not indebted to complainant for the reason that the heating system does not heat the house in a satisfactory manner, although complainant represented and guaranteed that it would do so.

The averments of the answer of Dothan Federal Savings & Loan Association, which held a recorded mortgage on the Lunsford property at the time the heating system was installed, need not be summarized.

The trial court, from evidence taken before a commissioner, found that complainant had executed and delivered to Wanda Lunsford a warranty of "satisfactory service" in pertinent part as follows: " * * * We guarantee the Heating System just installed in your home to give heat satisfactorily * * *" and the court further found from the evidence that "the heating service furnished by the said heating system installed by the plaintiff in the residence of the defendant, Wanda Lunsford, was unsatisfactory to the defendant, Wanda Lunsford, and that it was. inadequate, and the said testimony further showing to the court ample and substantial grounds or basis for the dissatis-

faction of defendant, Wanda Lunsford, with the service she received from the aforesaid heating system." Based on such findings the trial court decreed "that the Plaintiff is not entitled to recover in this case," but gave to the complainant the right to remove the heating system from the Wanda Lunsford residence within thirty days from April 16, 1958, the date of the final decree. It was further provided in the decree that if the complainant failed to remove the said heating system within the time allowed for that purpose that Wanda Lunsford could do so. From the decree of April 16, 1958, the complainant appealed to this court.

■ The assignment of error challenging the action of the trial court in sustaining demurrers to the original bill is not argued and hence will not be considered. Rickman v. Rickman, 266 Ala. 371, 96 So.2d 674; Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750.

■ The only assignment of error directed to the decree from which the appeal is taken is to the effect that the trial court erred in that decree in denying relief to the complainant and in failing to grant relief to him. Although in general terms, this assignment of error is sufficient to present for our review the matters argued by the appellant, the complainant below. See Murphy v. Pickle, 264 Ala. 362, 87 So.2d 844.

■ Appellant does not deny that he warranted the heating system to give satisfactory service and we understand him to concede that a substantial breach of that warranty could be set up by Wanda Lunsford to defeat his claim. See Roobin v. Grindle, 219 Ala. 417, 122 So. 408; Becker Roofing Co. v. Little, 229 Ala. 317, 156 So. 842; Farmer v. Johns-McBride Engineering Service, 256 Ala. 335, 54 So. 2d 708; Miles v. Moore, 262 Ala. 441, 79 So.2d 432; Fox v. Webb, Ala., 105 So.2d 75;[1] Cassino v. Yacevich, 261 App.Div. 685, 27 N.Y.S.2d 95; 57 C.J.S. Mechanics'

Liens § 277; 36 Am.Jur., Mechanics' Liens, § 36.

Appellant strenuously argues that the evidence does not support the finding of the trial court to the effect that appellant failed to substantially perform his contract.

■ As shown above, the evidence was not taken orally before the trial court; hence we indulge no presumption as to findings of fact. It is our duty to sit in judgment on the evidence. Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115; Farmer v. Johns-McBride Engineering Service, supra; Gibson v. Bryant, 267 Ala. 97, 100 So.2d 32. This duty we have performed.

The evidence is in conflict. The appellant and two other persons shown to have been sufficiently familiar with the heating business to qualify as experts in that field testified that the heating system was properly installed and should have adequately heated the house. Appellant gave testimony to the effect that the system did heat the house adequately in all respects. On the other hand, Wanda Lunsford, her father and mother and several other persons testified positively and unequivocally that the heating system installed by appellant did not work properly and that the house remained so cold that another method of heating had to be used.

■ After a careful consideration of the record, we are of the opinion that Wanda Lunsford met the burden which was upon her. We are not able to say that the conclusion of the trial court was not well grounded.

■ The appellant has assigned as error the order of the trial court rendered on May 16, 1958, *requiring* the appellant to execute a supersedeas bond as a condition to the taking of an appeal to this court. While we do not understand this order on the part of the trial court, its correctness cannot be challenged by as-

---

1. Ante, p. 111.

signment of error on appeal from the decree of April 16, 1958, nor do we think the appellant has otherwise presented the correctness of that order for our review.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.