235 So.2d 838

STONEWALL INSURANCE COMPANY

v.

Willie N. PERKINS et al.

6 Div. 594.

Supreme Court of Alabama.

March 19, 1970.

Rehearing Denied June 18, 1970.

Baker, McDaniel & Hall, Birmingham, for appellant.

Ross & Ross, Saunders, Paden & Green, Bessemer, for appellees.

PER CURIAM.

Appellant brings for review in this court an amended final decree, rendered and filed in the Bessemer Division of the Circuit Court of Jefferson County, in Equity, wherein appellant filed a declaratory petition which resulted in an adverse decree.

It appears from the pleadings and proof in the declaratory proceedings that appellant issued an insurance policy to Willie N. Perkins, one of the instant appellees, by which, in Section 1(A), it agreed:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustain-

ed by any person, caused by an accident and arising out of the ownership, maintenance or use of the [insured] automobile."

Also, in Section II of the policy the following appears:

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) defend any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; * * *"

Under the heading "CONDITIONS," Section 1 of the policy there appears:

"Notice of Accident—Coverages A [Bodily Injury Liability], B [Property Damage Liability] and C [Medical Payments]: When an accident occurs written notice shall be given by or on behalf of the insured to the company or its authorized agents as soon as practical. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

Also under the same Title, we quote paragraph 7:

"Action Against Company—Coverages A and B: No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

Section 12 under the heading "CONDITIONS" reads:

"Assistance and Cooperation of the Insured—Coverages A and B: The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits * * *."

The insured is defined in the policy:

"III * * * (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured * * *, and also includes any person while using the automobile * * * provided the actual use of the automobile is by the named insured or such spouse or with the permission of either * * *."

Attached to the policy here involved is a valid endorsement as follows:

"EXCLUSION OF MALE DRIVERS UNDER AGE OF 25

"In consideration of the premium for which this policy is written, it is hereby understood and agreed that no insurance is afforded under this policy while any automobile is being driven, operated, manipulated, maintained, serviced, or used in any manner by a male person under the age of twenty-five (25) who resides in the same household as the insured or is employed as a chauffer (sic) for the automobile.

* * * * * *

"This endorsement is hereby made a part of the policy when issued and shall take effect simultaneously with said policy."

It is undisputed that on July 18, 1965, the insured automobile was involved in an accident or collision with a motorcycle occupied by appellees Perry Barnes and Barbara Poole, causing them physical injuries, for which both parties brought suit

against the insured and his minor stepson to recover damages for physical injuries which they contend they suffered as a result of the accident. Also the mother of Barbara Poole brought suit to recover for medical expense and loss of services which she claimed as damages.

The insured on July 19, 1965, the next day after the accident, reported to appellant that the accident had occurred and at the time, in the presence of appellant's attorney, signed a written statement that his stepson, Ozie Charles Williams, a minor who was living in his household was using the insured automobile when the accident occurred to take his wife to see a sick cousin and that he, the insured, was not in the car.

On the same date Ozie Charles Williams, the minor stepson, gave a written statement to the same effect; that he was living in the house with his stepfather, and that he was a minor.

Likewise, Cora Perkins, wife of the insured, gave a written statement that she was in the automobile at the time of the accident and that her son, Ozie Charles Perkins, who was a minor, was driving the automobile at the time of the accident; that he lived in the same household with her and her husband, Willie N. Perkins.

Acting on these written reports and on a police report after investigation, which stated that Ozie Charles Williams was the driver of the automobile involved in the accident, which also listed the name of another witness not interviewed by appellant or its representatives, appellant declined to defend the suits and so notified the insured, who employed his own attorney.

The suit of Perry G. Barnes went to trial before the instant proceedings were filed, and resulted in a verdict of $3,500 for plaintiff against Perkins alone. Ozie Charles Williams was a party defendant to all the suits.

At the trial of the Barnes suit, Willie N. Perkins testified that he was not oper-ating or in the insured automobile when the accident occurred, and that Ozie Charles Williams was driving at the time. Likewise, Ozie Charles testified that he was doing the driving. Neither the insured nor the minor contradicted their statements, *supra,* but on the contrary, confirmed their report to the appellant. We here note that a certified transcript of the evidence taken at the trial was introduced by appellant in the instant proceedings; also the Chancellor presiding at the hearing of the evidence in such proceedings was also the trial judge in the Barnes suit.

At the conclusion of the declaratory trial, the court entered an amended and final decree in substance as follows:

(1) That on the occasion of the accident on July 18, 1965, Willie N. Perkins was operating the insured automobile.

(2) That said insured reported to complainant (appellant) that Ozie Charles Williams was operating the insured automobile; that Ozie Charles Williams and Cora E. Perkins, wife of insured, reported in writing to complainant that Ozie Charles Williams was operating the insured vehicle on the occasion of the accident; that these persons at all times represented and continue to represent that Ozie Charles Williams was driving the automobile.

(3) That neither complainant nor its representatives ever made any contact with Barbara Poole or Perry G. Barnes, nor with Glenn Gilbert, a facts witness introduced by plaintiff Barnes in his suit, who testified that the insured was driving the offending automobile.

The Chancellor adjudicated in substance as follows:

(1) That appellant was obligated to defend the Barnes suit and, having failed to do so, is obligated to pay the judgment there obtained.

(2) That appellant is obligated to defend the insured in the suits pending wherein Barbara Poole and Mary Nell Maddox are plaintiffs and William N. Perkins et

al. are defendants, and to pay any judgment which might be rendered against said Willie N. Perkins in said cases.

(3) That the complainant is under no obligation to defend Ozie Charles Williams in the suit of Barbara Poole and Mary Nell Maddox and was not obligated to defend the Barnes suit against Ozie Charles Williams nor to pay the judgment against him.

▮ A material inquiry here presented is whether or not the insured's false statement, in writing, to appellant met the demands of notice and cooperation provisions in the policy, *supra*, in a "substantial and material respect." Appellant contends that the case of Alabama Farm Bureau Mutual Casualty Ins. Co., Inc., v. Mills, 271 Ala. 192, 123 So.2d 138, and some cases therein cited with approval, have application to the issues of notice and cooperation here involved. We are favorably impressed with this contention.

In the *Mills case* the appellant insurance company had issued an automobile liability policy to Roy R. Mills covering the operation of a 1950 Dodge "subject to the limits of liability, exclusions, conditions and other terms" of the policy (the same as the instant policy). The Mills policy contained an assistance and cooperation provision almost if not identical in language with the Perkins policy.

The insured's son, covered by the policy, had an accident in which one or more of the guests riding in the Dodge suffered injuries that resulted in one guest bringing suit against the son to recover damages.

The insured and his son each made a report that the accident was caused by a tire blowing out. The report was motivated by the son's desire to conceal the true situation from his father. The father and son each later repudiated this report and acknowledged his falsity. The repudiating report contained a statement that the accident occurred when the son was traveling thirty-five miles an hour on a muddy and slick road; that, "As we were leaving, one of the boys suggested that I cut the left front tire and claim that I had a blowout, so I got out of the car, took my knife and cut the left front tire of the car, and then threw my knife away."

Contrary to the facts in the *Mills case, supra,* neither the minor, Ozie Charles Williams, nor the named insured, Willie N. Perkins, ever repudiated their respective reports to appellant but, on the other hand, in the Barnes case stuck to these reports. There were witnesses in the Barnes trial whose testimony was in conflict with and discredited the testimony of both said minor and the named insured.

The jury, by finding against Willie N. Perkins and fastening him alone with liability, thereby exonerating the minor as the driver, evidently believed that the named insured, Willie N. Perkins, was driving instead of the minor. The Chancellor in this proceeding, being the same trial judge who presided in the Barnes case and heard the evidence orally, determined that Willie N. Perkins was doing the driving. This finding was in conflict with the reports to appellant.

In the Barnes trial there was an issue of fact as to who was doing the driving. In the instant case there was likewise an issue in dispute. But such resolutions against the reports of Willie N. Perkins and Ozie Charles Williams to appellant do not excuse appellant from defending the pending suits and paying judgments rendered within the limits of the policy; nor do they excuse payment of the judgment in the Barnes case. All such payments of judgment must be within policy limits. Any holding of this court that the verdict of the jury and the finding of the Chancellor in effect established the falsity of the insured's statement that he was driving at the time and thus invoked the forfeiture provided in the assistance and cooperation clause of the policy, *supra,* would open a Pandora's box of litigation with respect to liability coverage and plunge such policyholders into a

thicket of difficulties that were never intended by the assistance and cooperation mandates of the policies. Protection to the insured would depend upon his ability to sell his version of a material fact to the jury, or else suffer a forfeiture. We do not think the doctrine in the *Mills case* should be extended to the point of pivoting liability of the insurer on the ability of the insured to convince the nisi prius jury or judge that what he reported to the insurer was true or suffer the consequences of forfeiture pursuant to the assistance and cooperation clause.

In the instant case, we are unwilling to repudiate the Chancellor's finding of fact that Willie N. Perkins was driving the automobile at the time of the collision. The Chancellor heard the evidence in the Barnes trial. Appellant introduced in evidence a transcript of this evidence that was taken at the Barnes trial. In view of the fact that the Chancellor heard such evidence, we here apply our rule of long standing that on a question of fact properly determined by the trier of fact, such determination is favored with a presumption of correctness and will not be disturbed on appeal unless plainly erroneous and manifestly unjust. Morgan v. Larde et al., 282 Ala. 426, 212 So.2d 594. We are unwilling to apply our rule that where evidence was not taken orally before the trial court, we indulge no presumption as to the findings of fact, but must sit in judgment on the evidence. Loveman v. Lay, 271 Ala. 385, 124 So.2d 93; Saliba v. Lunsford et al., 268 Ala. 307, 106 So.2d 176.

The decree of the trial court is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur.